On Remand from the Alabama Supreme Court

PER CURIAM.
The appellant, Howard Carl Whited, was convicted of sodomy in the first degree, a violation of § 13A-6-63, Ala.Code 1975. The circuit court sentenced Whited to 35 years’'imprisonment and ordered Whited to pay $50 to the Alabama Crime Victims Compensation Fund and court costs. This Court affirmed Whited’s conviction and sentence on March 14, 2014. See Whited v. State, 180 So.3d 49 (Ala.Crim.App.2014).
Whited then petitioned the Alabama Supreme Court for certiorari review, arguing that this Court’s decision conflicted with the United States Supreme Court’s decision in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Whited argued that his trial counsel’s performance was deficient under Strickland because, he said, trial counsel waived Whited’s right to a closing argument. The Supreme Court granted certio-rari review and, on February 6, 2015, reversed this Court’s judgment, holding that “ ‘the circumstances surrounding the case at the time of [Whited’s] counsel’s actions’” supported the conclusion that the decision of Whited’s trial counsel to waive closing argument was deficient and that Whited was prejudiced by his trial counsel’s deficient performance. Ex parte Whited, 180 So.3d 69, 86 (Ala.2015) (quoting Strickland, 466 U.S. at 689). The Court remanded the case to this Court for this Court to order the circuit court to grant Whited’s motion for a new trial. In light of the Supreme Court’s holding, Whited’s conviction for sodomy in the first degree is reversed, and this case is remanded for the circuit court to grant Whited’s motion for a new trial.
REVERSED AND REMANDED.
*88 WINDOM, P.J., and WELCH, KELLUM, BURKE, and JOINER, JJ., concur.